UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

| | |
|---|---|
| **CANDICE MOLINA and CHRISTIANA BAXTER, Individually and on behalf of all others similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LOWES HOME CENTERS, L.L.C.,**<br><br>*Defendant.* | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION<br>PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiffs Candice Molina and Christiana Baxter (collectively, "Plaintiffs") bring this action individually and on behalf of all current and former hourly call-center[1] employees (hereinafter, "Plaintiffs and the Putative Class Members") who worked for Lowe's Home Centers, L.L.C. (hereinafter referred to as "Defendant" or "Lowes"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Mexico Minimum Wage Act ("NMMWA"), §§ 50-4-19 *et seq.*, and the Indiana Labor and Safety Code ("Indiana Code"), § 22-2-2, *et. seq.*

Plaintiffs' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. §216(b), while their respective NMMWA and Indiana Code claims are asserted as class actions

---

[1] The term hourly call-center employees include those employees who worked at Lowes' physical contact centers, handling customer contact work and those employees who performed the same type of customer contact work remotely from their home.

under Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and class actions pursuant to the state laws of New Mexico and Indiana under FED. R. CIV. P. 23, to recover unpaid straight-time wages, unpaid overtime wages, and other applicable penalties.

2. Plaintiffs and the Putative Class Members are those similarly situated persons who worked for Lowes in call centers or remotely from home, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Specifically, Lowes enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Lowes' illegal company-wide policy has caused (and continues to cause) Plaintiffs and the Putative Class Members to work compensable hours for which they have not been compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiffs and Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for hours worked in excess of forty (40) hours per workweek.

6. Lowes knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

7. Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA, the NMMWA, or the Indiana Code.

8. Plaintiffs and the Putative Class Members therefore seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time, overtime, and other damages owed under their respective state laws as class actions pursuant to FED. R. CIV. P. 23.

9. Plaintiffs pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiffs also pray that the Rule 23 New Mexico Class is certified as defined herein, and that Plaintiff Molina designated herein be named as the Class Representative for the New Mexico Class.

11. Plaintiffs also pray that the Rule 23 Indiana Class is certified as defined herein, and that Plaintiff Baxter designated herein be named Class Representative for the Indiana Class.

## II.
## THE PARTIES

12. Plaintiff Candice Molina ("Molina") was employed by Lowes in Albuquerque, New Mexico during the relevant time period. Plaintiff Molina did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[2] The written consent of Candice Molina is hereby attached as Exhibit "A."

13. Plaintiff Christiana Baxter ("Baxter") was employed by Lowes in Indianapolis, Indiana during the relevant time period. Plaintiff Baxter did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[3]

14. The FLSA Collective Members are those current and former hourly call-center employees who were employed by Lowes, anywhere in the United States, at any time since April 29, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

15. The New Mexico Class Members are those current and former hourly call-center employees who were employed by Lowes, in New Mexico, at any time from April 29, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Molina worked and was paid.

16. The Indiana Class Members are those current and former hourly call-center employees who were employed by Lowes, in Indiana, at any time from April 29, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Baxter worked and was paid.

17. Defendant Lowe's Home Centers, LLC ("Lowes") is a foreign limited liability company, licensed to and doing business in the State of New Mexico. Lowes may be served through its registered agent for service of process: **Corporation Service Company, MC-CSC1, 726 E. Michigan Dr., Suite 101, Hobbs, New Mexico, 88240.**

## III.
## JURISDICTION & VENUE

---

[3] The written consent of Christiana Baxter is hereby attached as Exhibit "B."

18. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201 *et. seq.*

19. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

20. This Court has general personal jurisdiction over Lowes because Lowes' significant contacts with, and business operations in, New Mexico are systematic and continuous such that it is essentially at home in New Mexico.

21. This Court has personal jurisdiction over Lowes because the cause of action arose within this District as a result of Lowes' conduct within this District and Division.

22. Venue is proper in the District of New Mexico because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

23. Specifically, Lowes has maintained a working presence throughout New Mexico (and the United States) and Plaintiff Molina worked in Albuquerque, New Mexico throughout her employment with Lowes, all of which are located in this District and Division.

24. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

25. As a subsidiary of Lowe's Companies, Inc., Lowe's Home Centers, LLC operates a chain of home improvement stores across the country.

26. Lowe's Companies, Inc. is a Fortune® 50 company and the world's second largest home improvement retailer.[4] As of February 1, 2019, Lowe's Companies, Inc. operated 2,015 home improvement and hardware stores, representing approximately 209 million square feet of retail selling

---

[4] https://www.sec.gov/Archives/edgar/data/60667/000006066719000042/form10k_02012019.htm#sC8D8404F4E9C59FE9DECB82AFD2EC099

space. These operations included 1,723 stores located across 50 U.S. states, as well as 279 stores in Canada.

27. On information and belief, Defendant Lowe's Home Centers, LLC is a captive subsidiary of Lowe's Companies, Inc. and operates customer contact centers to assist Lowe's Companies, Inc.'s customers.

28. To assist its customers, Lowes offers customer service job opportunities throughout the United States.

29. Plaintiffs and the Putative Class members' job duties consisted (and currently consist) of tendering sales, coordinating deliveries, managing after-sale installations, facilitating repair services for appliances and outdoor power equipment, and answering general customer inquiries via phone, mail, e-mail, live chat, and social media.[5]

30. Plaintiff Molina was employed by Lowes as a Customer Service Representative in Albuquerque, New Mexico, from approximately October 2016 until March 2021.

31. Plaintiff Baxter was employed by Lowes as a Customer Service Representative in Indianapolis, Indiana, from approximately October 2018 until April 2019.

32. Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

33. Plaintiffs and the Putative Class Members regularly worked approximately forty (40) "on-the-clock" hours per week.

34. In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class members worked up to (4) hours "off-the-clock" per week and have not been compensated for that time.

---

[5]https://sjobs.brassring.com/TGnewUI/Search/home/HomeWithPreLoad?PageType=JobDetails&partnerid=25239&siteid=5014&jobid=6783624#jobDetails=6783624_5014

### Unpaid Start-Up Time

35. Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Lowes as a result of Lowes' corporate policy and practice of requiring their hourly call-center center employees to clock-in only when ready to take their first call.

36. Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, read company emails, open multiple different computer programs, log-in to each program, and ensure that each program is running correctly—all of which can take anywhere from five (5) to fifteen (15) minutes—before they are allowed to clock in on the time keeping software application and then take their first phone call.

37. If Plaintiffs and the Putative Class Members are not ready and on the phone at shift start, they can be (and often are) subject to discipline.

38. If Plaintiffs and the Putative Class Members clock in prior to their shift start time, they are also subject to discipline.

39. Therefore, the only way to be ready on time, and avoid discipline, is to prepare the computer "off-the-clock" and without pay.

40. During this start up time, Plaintiffs and the Putative Class Members were not (and currently are not) compensated although they were expected to have completed this process in advance of their official start times.

### Unpaid Work During the Meal Period Break

41. Lowes provides Plaintiffs and the Putative Class Members with one unpaid meal break per shift.

42. However, Lowes requires Plaintiffs and the Putative Class Members to perform "off-the-clock" work during their unpaid meal break.

43. Plaintiffs and the Putative Class Members were (and continue to be) required to stay on the clock and on call until the minute their meal break began, then they must clock out, then perform a lengthy shut down process, then log out of the phone system, and then log off of their computer prior to leaving their desk for their meal break.

44. Plaintiffs and the Putative Class Members were (and continue to be) required to log back into their computer, log back into their programs, log back into the phone system, then clock in, and be back on the phone before their meal break ends.

45. The log off process used prior to taking a meal break can take anywhere from one to three minutes.

46. The log in process used after returning from a meal break can take anywhere from one to six minutes.

47. This lengthy log off and log in procedure had to be performed during Plaintiffs and the Putative Class Members' meal breaks per Lowes' corporate policy.

### Unpaid Rest Breaks Lasting Twenty Minutes or Less

48. In addition, Lowes also enforced a uniform company-wide policy wherein they improperly required their non-exempt hourly employees—Plaintiffs and the Putative Class Members—to clock out for rest breaks lasting twenty minutes or less. 29 C.F.R. § 785.18; *see also Sec'y U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 425 (3d Cir. 2017).

49. Lowes permitted Plaintiffs and the Putative Class Members to take two fifteen-minute breaks each day but required them to clock out for any and all breaks taken outside the two fifteen-minute breaks.

50. Additionally, if an hourly call-center employee exceeded their fifteen-minute break by even one minute, Lowes would clock them out and not pay for the additional minute. Per Lowes' policy, Lowes would not pay for any time in excess of the scheduled fifteen-minute breaks.

51. As a result of Lowes' corporate policy and practice requiring Plaintiffs and the Putative Class Members to perform their computer start up tasks before the beginning of their shifts, perform the extensive log out and log in processes during their unpaid meal breaks, and requiring Plaintiffs and the Putative Class Members to clock out for short breaks, Plaintiffs and the Putative Class Members were (and currently are) not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA, the NMMWA, and Indiana Code.

52. Lowes employed (and continues to employ) other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

53. Lowes is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but have failed to do so.

54. Because Lowes did not pay Plaintiffs and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Lowes' pay policies and practices blatantly violated (and continue to violate) the FLSA, the NMMWA, and the Indiana Code.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

55. All previous paragraphs are incorporated as though fully set forth herein.

56. The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOWE'S HOME CENTERS, LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM APRIL 29, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

57. At all times hereinafter mentioned, Lowes has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. At all times hereinafter mentioned, Lowes has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

59. At all times hereinafter mentioned, Lowes has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had, and have, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

60. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Lowes, these individuals provided services for Lowes that involved interstate commerce for purposes of the FLSA.

61. In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

62. Specifically, Plaintiffs and the FLSA Collective Members are (or were) non-exempt hourly call-center employees of Lowes who assist (or assisted) Lowes' customers who live throughout the United States. 29 U.S.C. § 203(j).

63. At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

64. In violating the FLSA, Lowes acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

65. The proposed collective of similarly situated employees, i.e. putative collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 56.

66. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lowes.

**B.   FAILURE TO PAY WAGES AND OVERTIME IN ACCORDANCE WITH THE FLSA**

67. Lowes violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

68. Plaintiffs and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Lowes' acts or omissions as described herein; though Lowes is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages.

69. Moreover, Lowes knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked. 29 U.S.C. § 255(a).

70. Lowes knew or should have known its pay practices were in violation of the FLSA.

71. Lowes is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

72. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Lowes to pay them in accordance with the law.

73. The decision and practice by Lowes to not pay the proper amount of overtime for all hours worked was neither reasonable nor in good faith.

74. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, and attorneys' fees and costs.

## C. FLSA COLLECTIVE ACTION ALLEGATIONS

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they have not been paid.

77. Other similarly situated employees have been victimized by Lowes' patterns, practices, and policies, which are in willful violation of the FLSA.

78. The FLSA Collective Members are defined in Paragraph 56.

79. Lowes' failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Lowes, and does not depend on the personal circumstances of the Plaintiffs or the FLSA Collective Members.

80. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

81. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

82. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

83. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

84. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Lowes will retain the proceeds of its rampant violations.

85. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

86. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 56, and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the NMMWA)

**A.   NMMWA COVERAGE**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The New Mexico Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOWE'S HOME CENTERS, LLC, ANYWHERE IN THE STATE OF NEW MEXICO, AT ANY TIME FROM APRIL 29, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("New Mexico Class" or "New Mexico Class Members").**

89. At all times hereinafter mentioned, Lowes has been an "employer" within the meaning of the NMMWA. *See* N.M. STAT. ANN. § 50-4-1(a).

90. At all times hereinafter mentioned, Plaintiff Molina and the New Mexico Class Members have been "employees" within the meaning of the NMMWA. *See* N.M. ADMIN. CODE TIT. 11, § 1.4.7(e).

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE NMMWA**

91. All previous paragraphs are incorporated as though fully set forth herein.

92. The NMMWA requires that employees receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. *See* N.M. STAT. ANN. § 50-4-2(d).

93. Plaintiff Molina and other New Mexico Class Members have not been exempt from receiving overtime benefits under the NMMWA.

94. Plaintiff Molina and other New Mexico Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Lowes violated the NMMWA by failing to pay Plaintiff Molina and other class members the overtime premium for all hours worked over forty (40) per week.

95. Further, the NMMWA mandates that employers, like Lowes, pay all wages due by the twenty-fifth of the month in which the wages are earned or by the tenth day of the succeeding month. *See* N.M. STAT. ANN. § 50-4-2.

96. Plaintiff Molina and the New Mexico Class Members seek to recover their unpaid straight time wages, overtime wages, liquidated damages, and other damages allowed by New Mexico law that are owed to them as a result of Lowes' company-wide policy of causing them to perform work "off-the-clock."

97. Plaintiff Molina and the New Mexico Class Members have suffered damages and continue to suffer damages as a result of Lowes' acts or omissions as described herein; though Lowes is in possession and control of necessary documents and information from which Plaintiff Molina and the NMMWA Class Members would be able to precisely calculate damages.

98. In violating the NMMWA, Lowes acted willfully, without a good faith basis and with reckless disregard of clearly applicable New Mexico law.

99. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the NMMWA, is defined in Paragraph 88.

100. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lowes.

C. **NMMWA CLASS ALLEGATIONS**

101. Plaintiff Molina brings her NMMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Lowes to work in New Mexico at any time since April 29, 2018.

102. Class action treatment of Plaintiff Molina's NMMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

103. The number of New Mexico Class Members is so numerous that joinder of all class members is impracticable.

104. Plaintiff Molina is a member of the New Mexico Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

105. Plaintiff Molina and her counsel will fairly and adequately represent the class members and their interests.

106. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

107. Accordingly, the New Mexico Class should be certified as in Paragraph 88.

## COUNT THREE
### (Class Action Alleging Violations of the Indiana Code)

A. **INDIANA CODE COVERAGE**

108. All previous paragraphs are incorporated as though fully set forth herein.

109. The Indiana Class is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY LOWE'S HOME CENTERS, LLC, ANYWHERE IN THE STATE OF INDIANA, AT ANY TIME FROM APRIL 29, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Indiana Class" or "Indiana Class Members").**

110. At all times hereinafter mentioned, Lowes has been an "employer" within the meaning of the Indiana Code. *See* IND. CODE ANN. § 22-2-2-3.

111. At all times hereinafter mentioned, Plaintiff Baxter and the Indiana Class Members have been "employees" within the meaning of the Indiana Code. *See Id.*

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA CODE**

112. All previous paragraphs are incorporated as though fully set forth herein.

113. Lowes owes Plaintiff Baxter and the Indiana Class members "wages," as defined in section 22-2-9-1 of the Indiana Code, to compensate them for labor and services they provided to Lowes in the furtherance of their job duties. *See* IND. CODE ANN. § 22-2-9-1.

114. The Indiana Code also requires employers, like Lowes, to pay employees all earned wages either within ten business days after the wages were earned or on their usual pay day. *See* IND. CODE ANN. § 22-2-5-1.

115. Employers who fail to pay employees all wages earned within the time limitations set forth in the Indiana Code are liable for the unpaid wages in addition to an amount equal to the unpaid wages as liquidated damages. *See* IND. CODE ANN. § 22-2-5-2.

116. Plaintiff Baxter and the Indiana Class Members seek to recover their unpaid straight time wages, liquidated damages, and other damages allowed by Indiana law that are owed to them as a result of Lowes' company-wide policy of causing them to perform work "off-the-clock."

117. Plaintiff Baxter and the Indiana Class Members have suffered damages and continue to suffer damages as a result of Lowes' acts or omissions as described herein; though Lowes is in possession and control of necessary documents and information from which Plaintiff Baxter and the Indiana Class Members would be able to precisely calculate damages.

118. These claims are independent of their claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Weil v. Metal Techs., Inc.,* 305 F. Supp. 3d 948, 960 (S.D. Ind. 2018), *rev'd on other grounds by* 925 F.3d 352 (7th Cir. 2019).

119. In violating the Indiana Code, Lowes acted willfully, without a good faith basis and with reckless disregard of clearly applicable Indiana law.

120. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Indiana Code, is defined in Paragraph 109.

121. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lowes.

C.  **INDIANA CLASS ALLEGATIONS**

122. Plaintiff Baxter brings her Indiana claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Lowes to work in Indiana since April 29, 2018.

123. Class action treatment of Plaintiff Baxter and the Indiana Class Members' claims is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

124. The number of Indiana Class Members is so numerous that joinder of all class members is impracticable.

125. Plaintiff Baxter is a member of the Indiana Class, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

126. Plaintiff Baxter and her counsel will fairly and adequately represent the class members and their interests.

127. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

128. Accordingly, the Indiana Class should be certified as in Paragraph 109.

## VI.
## RELIEF SOUGHT

129. Plaintiffs respectfully pray for judgment against Lowes as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 56 and requiring Lowes to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order certifying the NMMWA Class as defined in Paragraph 88, and designating Plaintiff Molina as Representative of the NMMWA Class;

c. For an Order certifying the Indiana Class as defined in Paragraph 109, and designating Plaintiff Baxter as Representative of the Indiana Class;

d. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e. For an Order awarding Plaintiffs (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

f. For an Order pursuant to Section 16(b) of the FLSA finding Lowes liable for unpaid back wages due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

g. For an Order pursuant to the NMMWA awarding Plaintiff Molina and the New Mexico Class Members unpaid wages, liquidated damages, and other damages allowed by law;

h. For an Order pursuant to the Indiana Code awarding Plaintiff Baxter and the Indiana Members unpaid wages, liquidated damages, and other damages allowed by law;

i. For an Order awarding the costs and expenses of this action;

j. For an Order awarding attorneys' fees;

k. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

l. For an Order awarding the Plaintiff Molina and Baxter a service award as permitted by law;

m. For an Order compelling the accounting of the books and records of Lowes, at Lowes' own expense;

n. For an Order providing for injunctive relief prohibiting Lowes from engaging in future violations of the FLSA, the NMMWA, the Indiana Code, and requiring Lowes to comply with such laws going forward; and

o. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 29, 2021                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
State Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
State Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
State Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiffs and the Putative Class Members*